DECISION
{¶ 1} Relator, David Palmer, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondents, Rick Dove and the Ohio Supreme Court, to comply with relator's request for public records. In response, respondents filed a motion for summary judgment.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ. R. 53(C) and Section (M), Loc. R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the motion for summary judgment should be granted.
 {¶ 3} No objections have been filed to the magistrate's decision. Upon a review of the magistrate's decision and an independent review of the file, this court finds there is no error of law or other defect on the face of the magistrate's decision and adopts it as its own. Therefore, respondents' motion for summary judgment is granted and the requested writ of mandamus is denied.
Writ of mandamus denied.
BRYANT and TYACK, JJ., concur.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 4} Relator, David Palmer, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Rick Dove and the Ohio Supreme Court to comply with relator's request for public records. Respondents have filed a motion for summary judgment and relator has filed a memorandum contra.
Findings of Fact:
 {¶ 5} 1. On August 13, 2002, relator filed the instant mandamus action.
 {¶ 6} 2. On August 16, 2002, respondents filed a motion to dismiss and to strike portions of relator's complaint.
 {¶ 7} 3. On August 21, 2002, relator filed a motion to find respondents guilty of contempt.
 {¶ 8} 4. On August 29, 2002, relator filed a motion for partial summary judgment.
 {¶ 9} 5. On August 29, 2002, respondents filed a motion to strike relator's motion for partial summary judgment.
 {¶ 10} 6. Also on August 29, 2002, respondents filed a motion to renew the motion to dismiss.
 {¶ 11} 7. On September 24, 2002, this magistrate issued an order striking paragraphs 6 through 20, 22 through 27, and 29 through 56 of relator's complaint, pursuant to Civ. R. 12(F), after finding that those paragraphs were insufficient to state a cause of action, redundant, immaterial, pertinent, and scandalous. Respondents' motion to dismiss was denied because the complaint arguably alleged one cause of action: that relator had requested records/information as to the amounts of income paid to the justices for personal use of their state vehicles and that respondents have refused to provide such records/information. Relator's motion for partial summary judgment was denied as untimely and his motion to find respondents guilty of contempt was denied as there was no evidence that respondents had made any "false assertions." Respondents' motion to strike relator's motion for summary judgment was denied as moot as was respondents' motion to renew its motion to dismiss.
 {¶ 12} 8. On October 8, 2002, respondents filed a motion for summary judgment. Attached thereto, respondents included copies of letters which relator sent to respondents requesting information as well as the responses which respondents provided.
 {¶ 13} 9. On October 20, 2002, respondents filed the affidavit of Richard Dove, Director of Legal and Legislative Services for the Ohio Supreme Court. Mr. Dove authored the letters attached to the motion for summary judgment and indicates that the letters and statements contained therein are true and that the letters themselves were mailed to relator.
 {¶ 14} 10. On October 21, 2002, relator filed a memorandum contra. Attached thereto, relator included an affidavit indicating that he has never received any records/information from respondents as to the income each justice has received from the personal use of state provided cars.
 {¶ 15} 11. The matter is now before this magistrate on respondents' motion for summary judgment.
Conclusions of Law:
 {¶ 16} The Ohio Supreme Court has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 17} A motion for summary judgment requires the moving party to set forth the legal and factual bases supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-part inquiry showing: (1) that there is no genuine issue as to any material fact; (2) that the party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 18} In accordance with Civ. R. 56(E):
 {¶ 19} "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 20} In the present case, respondents have attached copies of several letters received from relator with regard to his public records request and respondents' responses to those letters. Some of those letters specifically deal with the one cause of action remaining in this case: relator's allegation that respondents have not provided him with records/information as to the amounts of income paid to the justices for personal use of their state vehicles. Respondents have also attached the affidavit of Mr. Dove. Mr. Dove indicates that the letters attached to the motion for summary judgment are accurate and that the information contained therein is accurate. As such, respondents assert and have presented evidence not only that relator has requested records/information as to the amounts of income paid to the justices for the personal use of their state vehicles, but that respondents have provided relator with those documents which are actually in the possession of respondents. Included within the list of documents respondents indicate have been sent to relator are W-2 forms which are the only public records maintained by respondents which contain the information he requested. Further, respondents indicate that they have provided relator with all public records in their possession regarding vehicle usage, including logs, maintenance, and fuel records. Respondents have attested that they have given relator all the documents which are in respondents' possession.
 {¶ 21} Attached to his memorandum contra is an affidavit from relator asserting that he has never received any records/information from respondents as to the income each justice received from the personal use of their state vehicles. Relator does not deny that he received the W-2 forms or the other above listed information.
 {¶ 22} Upon review of the documents attached to respondents' motion for summary judgment, this magistrate concludes that it is apparent that relator has received from respondents certain documentation; however, relator continues to maintain that respondents have not given him everything that is in respondents' possession. Relator specifically requested copies of the justices' W-2 forms and respondents have provided him with those. To the extent that relator also has requested copies of the individual income tax forms filed by the justices themselves, respondents have indicated that they do not keep copies of those in the office in the ordinary course of business. The fact that relator believes that respondents do have these documents, no matter how sincere that belief, does not change the fact that respondents have indicated that they do not keep such documentation.
 {¶ 23} Inasmuch as relator has not challenged the affidavit of Mr. Dove, this magistrate finds that that affidavit, coupled with the copies of relator's letters and respondents' responses, establishes that there is no genuine issue of material fact remaining in this case and that respondents are entitled to judgment as a matter of law. Relator's affidavit does not set forth any specific facts showing that there is a genuine issue for trial. As such, summary judgment in favor of respondents is appropriate.
 {¶ 24} Based on the foregoing, it is this magistrate's decision that respondents have demonstrated that there is no genuine issue as to any material fact remaining in this case as respondents have provided relator with whatever records/information respondents have in their possession and relator has not set forth specific facts showing that there is a genuine issue for trial. As such, this court should grant summary judgment in favor of respondents.